# SUMMONS

| | |
|---|---|
| **District Court:** Second Judicial District<br>Bernalillo County, New Mexico<br>**Court Address:**<br>Bernalillo County Courthouse<br>400 Lomas Blvd NW<br>Albuquerque, New Mexico 87102<br>(505) 841-8107 | **Case Number:** D-202-CV-2021-00423<br><br>**Judge:** Honorable Judge Ortega, Lisa Chavez |

| | |
|---|---|
| STATE OF NEW MEXICO<br>COUNTY OF BERNALILLO<br>SECOND JUDICIAL DISTRICT<br><br>**DON BERRY, PENNY BERRY,**<br>**DBA TEAM BERRY INCORPORATED, A**<br>**VIRGINIA CORPORATION,**<br>     **Plaintiffs,**<br><br>v.<br>          **No:** _____<br><br>**LARRY SAIZ,**<br>**SAIZ TRUCKING & EARTHMOVING,**<br>**A NEW MEXICO CORPORATION.,**<br>     **Defendants.** | **Defendant**<br><br><br>SAIZ TRUCKING & EARTHMOVING, A NEW MEXICO CORPORATION, Defendants.<br>1658 Cliffside Dr. NW<br>Albuquerque, NM 87105 |

**TO:** SAIZ TRUCKING & EARTHMOVING, A NEW MEXICO CORPORATION, Defendants.

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this summons.
   (The date you are considered served with the summons is determined by Rule 1-004 NMRA). The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request on in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066. 1/20/2021

Dated at, New Mexico, this ___ day of _____, 2021. Ed Meintzer, Meintzer Law Firm

Katina Watson
SECOND JUDICIAL DISTRICT COURT
CLERK OF THE COURT

By: _____
Deputy Clerk

417 Hwy 314 NW, Los Lunas, NM 87031
(505) 865-9702

...NT TO RULE 1-004 NMRA OF THE NEW MEXICO
...ISTRICT COURTS.

G:\Berry, Don UPA\Complaint\REVISED COMPLAINT & pLEADINGS FILED\Summons, Team Berry v. Saiz Trucking and
Earthmovers, Summons ,Saiz Trucking and Earthmovers.docx



*Due March 1st*

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**1/20/2021 12:05 PM**
**CLERK OF THE COURT**
Patricia Serna

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT**

**DON BERRY, PENNY BERRY,**
**DBA TEAM BERRY INCORPORATED, A**
**VIRGINIA CORPORATION,**
      **Plaintiffs,**

**v.**                                       **No:**  D-202-CV-2021-00423

**LARRY SAIZ,**
**SAIZ TRUCKING & EARTHMOVING,**
**A NEW MEXICO CORPORATION.,**
      **Defendants.**

### COMPLAINT FOR DAMAGES

Comes now the Plaintiffs, by and through their attorney of record, Meintzer Law Firm, Ed

Meintzer, and state the following in support of their Complaint For Damages:

### FACTS

1. According to the New Mexico Secretary of State's Office, Defendant Larry Saiz is the

   President and Treasurer of Defendant, Saiz Trucking and Earthmoving Inc., as well as the

   Registered Agent located at 1658 Riverside Dr. NW., Albuquerque, NM 87105.

2. On or about July 4, 2019 Team Berry suffered a serious break down in their 2012

   Kenworth and had their truck towed to the Albuquerque Cummins dealer seeking repairs.

3. Cummins Sales And Service ("Cummins") provided Team Berry with an estimate to

   rebuild and install an engine in their truck which included an engine block since Team

   Berry's engine block was irreparably damaged for $48,628.22.  See **EXHIBIT A.**

4. On or about July 6, 2019, Defendant Larry Saiz (hereafter "Larry") on behalf of Saiz

   Trucking and Earthmoving Inc. (hereafter" Saiz Trucking") shamelessly approached

Page 1

Team Berry Complaint v. Saiz Trucking

Team Berry while they were still at Cummins and claimed that he had a compatible engine block which would save Team Berry about $10,000.

5. Larry made the following promises on behalf of Defendants which were the reasons Team Berry decided to have Defendants to replace their engine instead of Cummins:

   A. Team Berry would save at least $20-25,000 for the same engine rebuild quoted by Cummins;

   B. Defendants' mechanics were as good as Cummins' mechanics;

   C. Saiz Trucking already had a compatible engine block and

   D. that they would have them back on the road in "no time."

6. Compare Larry's promises to **EXHIBIT A.**

7. Team Berry relied to their detriment on Larry's claims, and assumed that a competent mechanical shop, as Larry portrayed his Saiz Trucking to be, would have Team Berry's truck back on the road with the rebuilt engine within a week or two at most.

8. Based upon Team Berry's oral promises on behalf of the Defendants, Team Berry had their truck towed to Defendants' garage on or about Monday, July 8, 2019 and went home to Virginia.

9. After about two weeks, Larry finally informed Team Berry that the engine block that that Defendants had on hand, was in fact incompatible for their 2012 Kenworth and that they would look for another.

10. Larry's two weeks of silence regarding the incompatibility of engine cost Team Berry two additional weeks of long-haul work forcing them into a substantially worse position than they were in two weeks earlier because Larry gave Team Berry no indication of when Defendants could even find a compatible engine block.

Team Berry Complaint v. Saiz Trucking

11. Because Team Berry lived out of state in Virginia, were currently out of work because Defendants had possession of their only truck, Team Berry was completely at the mercy of the Defendants.

12. Defendants knew or should have known that the engine block they claimed to be on hand was incompatible before indicating that Defendants had one.

13. Knowing that Team Berry's only truck was in the Defendants' possession and that time was of the essence to repair it to resume their Trucking Business, Defendants should have determined that the "engine on hand" was incompatible within a day or two after receiving Team Berry's truck and notified Team Berry of the same.

14. The fact Defendants did not make the critical determination that the engine was incompatible for two weeks constitutes gross negligence at best.

15. At worst, Larry intentionally lied about having a compatible block and intentionally did not inform Team Berry to make sure that they did not take their truck elsewhere to avoid the delay.

16. Incredibly, after another three weeks (five weeks since leaving their truck), on August 13, Saiz Trucking forwarded an August 12, 2019 email with invoice # 2316 as an attachment deceptively "buried" at the bottom of the email requesting $16,925 for the same engine block Larry negligently claimed to have five weeks earlier. See **EXHIBIT B.**

17. After five weeks Team Berry still had no truck to operate their trucking business and no definitive date their truck would be fixed. See id.

18. Defendants' "buried" invoice 2316 claimed that engine serial number CM 2350 was a "Good used Cummins IS15"and deceptively and unilaterally changed the previously promised one year warranty period to a "30 day warranty" and also unilaterally changed

Team Berry Complaint v. Saiz Trucking

the previously promised "complete engine rebuild" to "New Rod & Main Bearings-engine only." **EXHIBIT C.**

19. Since the engine Defendants ultimately provided Team Berry had significant mechanical issues after only 25 days prompting Team Berry to call to Larry to arrange for warranty work (as explained in more depth below) it's safe to assume that Defendants unilateral change to "New Rod & Main Bearings-engine only," instead of the "complete rebuild" Larry promised, Plaintiffs' received substantially less value than they were initially promised. See **Invoice # 2316, EXHIBIT C.**

20. These significant unilateral changes that Defendants made to Larry's oral agreement pursuant to invoice # 2316 were unknown to Team Berry because they were unable to "open" the invoice buried in the email attachment. See **EXHIBIT B.**

21. Thus, Team Berry was totally unaware of the Defendants significant unilateral changes to their oral contact with Larry pursuant to the Defendant's deceptive invoice 2316 buried at the bottom of the emails. See **EXHIBITS B & C.**

22. Team Berry also received Saiz Trucking's 8-14-19 Repair Order which conveniently omits the significant warranty and engine work changes contained in the 8-13-19 email with invoice 2316 "buried" at the bottom. See **EXHIBITS B, C & D.**

23. Unaware of the changed terms, Team Berry wired the $16,925.

24. However, shortly after receiving the $16,925, Defendants informed Team Berry that the engine that was supposed to be purchased with Team Berry's $16,925, see **EXHIBIT C,** was no longer available and that Defendants would continue looking for the same engine block Larry claimed was on hand 5 weeks earlier on July 6, 2019 in violation of the New Mexico regulations governing automotive repair shops.

Team Berry Complaint v. Saiz Trucking

## DEFENDANTS' DOCUMENTATION CONSISTENTLY VIOLATE THE NEW MEXICO AUTOMOTIVE REPAIR SHOP REGULATIONS CONSTITUTING UPA VIOLATIONS[1]

25. Paragraphs 1 through 24 are hereby incorporated by reference as if fully set forth herein.

26. Section 12.2.6.15 NMAC Enforcement: A violation of these [Automotive Repair Shop] regulations is a violation of the Unfair Practices Act (UPA). (Emphasis added.)

27. Team Berry never received the mandatory written repair estimate when they left their truck in good faith at Saiz Trucking on or about July 8, 2019 in violation of § 12.2.6.10 NMAC which states:

> 12.2.6.10 Estimates, invoice and payment: A. It is an unfair or deceptive trade practice for an automotive repair facility to fail to give an estimate of repairs that exceed one hundred dollars ($100)…. The estimate shall be written if the customer is not present at the time the estimate is finalized, the repair facility may obtain oral approval from the customer or proceed, based upon full disclosure of the content of the written estimate. If oral approval is obtained, the repair facility shall provide the customer with a copy of the written estimate, no later than the time the customer picks up his or her vehicle. The estimate shall document who authorized the repairs, the phone numbers at which they were contacted, exactly what repairs were authorized and the time, date and name of the person obtaining the authorization. (Emphasis added.)

Page 5

---

[1] 12.2.6.7 Definitions:
A. As used in these regulations, the terms "automotive repair shop" and "repair facility" are interchangeable and mean any business or operation engaged in automotive repair or automotive service (including, but not limited to, tune-up, oil change, window tinting, collision repair or refinishing and installation of new or used automotive parts and/or accessories).

66-1-4.19. Definitions.
As used in the Motor Vehicle Code:

B. "vehicle" means every device in, upon or by which any person or property is or may be transported or drawn upon a highway, including any frame, chassis, body or unitized frame and body of any vehicle or motor vehicle, except devices moved exclusively by human power or used exclusively upon stationary rails or tracks;

Team Berry Complaint v. Saiz Trucking

28. Had the Defendants provided the written estimate on July 8, 2019 as required by § 12.2.6.10 NMAC, Team Berry would have been made aware of the significant changes to Larry's one year warranty and complete rebuild (contained in Defendants' hidden invoice 2316 five weeks later) and could have had another repair ship provide a written estimate so they could evaluate the estimate prior to even leaving their truck. See id.

29. However, Team Berry never received the mandatory estimate from Defendants in violation of § 12.2.6.10 NMAC. Compare **EXHIBITS B, D & E** with § 12.2.6.10.

30. Instead Plaintiffs suffered from Defendants' classic "bait and switch" that could have been avoided if Defendants had merely complied with their mandatory estimate requirements pursuant to § 12.2.6.10. See id.

31. Defendants provided no estimate whatsoever until 5 weeks after Team Berry left their Kenworth in good faith on or about July 8, 2019 in violation of § 12.2.6.10 when Defendants finally sent their email requesting that Team Berry send $16,925 for the engine that Larry claimed they had on July 6, 2019. See **EXHIBIT B** the with Invoice # **2316** buried at the bottom of the email **EXHBIT C.**

32. Defendants **EXHIBITS C, D & E** never provide the mandatory estimate disclosure that Plaintiffs **EVER** orally authorized the Defendants' unilateral changes to their oral contact with Larry to provide a one year warranty Defendants purportedly changed to a 30 day warranty pursuant to the Defendant's deceptive invoice 2316 in violation of § 12.2.6.10 NMAC and breaching the Parties' oral agreement.

33. According to the New Mexico Supreme Court in Salazar v. Mitsubishi, 2008 NMSC 054, which is right on point, the Court states the following regarding the :

Team Berry Complaint v. Salz Trucking

{24} The UPA makes it unlawful, in the conduct of any trade or commerce, to engage in unfair or deceptive trade practices and unconscionable trade practices. Section 57-12-3. An unfair or deceptive trade practice is defined in the UPA as any false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by any person in the regular course of his [or her] trade or commerce, which may, tends to or does deceive or mislead any person. Section 57-12-2(D). (Emphasis added.)

In addition, the UPA empowers the attorney general "to issue and file as required by law all regulations necessary to implement and enforce any provision of the Unfair Practices Act." Section 57-12-13. Pursuant to this power, the attorney general has implemented regulations, in part, "to deter unfair business practices within the automotive industry." 12.2.6.6 NMAC. These regulations provide that

[i]t is an unfair or deceptive trade practice for an automotive repair shop to fail to post the major provisions of its warranty policy in a prominent and conspicuous location within the repair facility and to fail to provide any person who has purchased automotive repair services with a written warranty or statement that there is no warranty, if such is the case.

12.2.6.9(A) NMAC.

{25} A violation of the regulations is a violation of the UPA. 12.2.6.15 NMAC. (Emphasis added.)

34. Thus, Larry violated 12.2.6.9(A) NMAC as well as the UPA by orally promising a one year warranty to entice Team Berry to have Saiz Trucking perform the engine rebuild while not providing the mandatory written warranty when they dropped off their Kenworth on or about July 8, 2019 in violation of 12.2.6.9(A) NMAC and the UPA. See id.

35. Five weeks later Defendants deceptively tried to change it to a 30-day warranty pursuant to the Defendant's "buried" email invoice 2316 in violation of § 12.2.6.10 NMAC and then unlawfully and unethically failed to honor even the 30-day warranty as discussed below. See id.

Page 7

Team Berry Complaint v. Saiz Trucking

36. Defendants' documentation, **EXHIBITS B, C, D & E** also never provide the mandatory estimate disclosure that Plaintiffs ~~ever orally authorized the Defendants' unilateral changes~~ to their oral contact to provide a one year warranty for a complete engine rebuild which Defendants purportedly changed to a "30 day warranty" and "New Rod & Main Bearings-engine only," without documenting Team Berry's authorization to make such changes pursuant to the Defendant's deceptive invoice 2316 in violation of § 12.2.6.10 NMAC & UPA. See also Salazar v. Mitsubishi, supra.

37. ~~Plaintiffs never authorized Defendants' unilateral changes to the parties' July 6, 2019 oral contract, therefore Defendants could not possibly document~~ who authorized the changes for the repairs, the phone numbers at which they were contacted, exactly what repairs were authorized and the time, date and name of the person obtaining the authorization to make said changes as required by and in violation of  § 12.2.6.10.  Compare Defendants' dilatory **Exhibits B, C, D & E** with the mandatory estimate requirements of § 12.2.6.10 (highlighted in bold above at ¶ 27 above) and the written warranty requirements pursuant to § 12.2.6.9 and therefore also violated the UPA. See §12.2.6.15 NMAC.

38. Defendants also violated § 12.2.2.6.12 NMAC by not documenting whether all parts and materials used in Team Berry's eventual substandard engine were new, used or after market crash parts and therefore the parts are assumed to be new and should have been warranted as such. Compare Saiz Trucking 9-18-2019 Invoice with **EXHIBITS B, C, D & E** which fail to mention anything about the parts used on team Berry's $25,000 engine[2] whatsoever in violation of § 12.2.2.6.12 NMAC:

---

[2] Although Defendants do mention the condition of the parts in the engine pursuant to invoice 2316, i.e. "Good used Cummins IS15, S/N CM2350" and "New Rod and Main Bearings-engine only," see **EXHIBIT**

Team Berry Complaint v. Saiz Trucking

**12.2.6.12 Parts. A. It is an unfair or deceptive trade practice for an automotive repair facility or insurance company to fail to disclose (if known) whether particular parts used in the repair of the customer's automobile were used or rebuilt or aftermarket crash parts. If a facility or insurance company fails to disclose such information regarding the condition of the parts used in the repair or service, it will be assumed that the parts installed were new, and they shall be warranted as such.**

39. Consequently, because Saiz Trucking failed to disclose whether the parts were used or rebuilt or aftermarket crash parts, it is assumed that the parts installed were new and warranted as such and such warranties were not honored.   See id.

40. Thus, Defendants violated §§ 12.2.6.10 and 12.2.2.6.12 NMAC and violations of these regulations constitute violations of the Unfair Practices Act.

41. Additionally, Defendants violated numerous other sections of the UPA by their actions and inactions pertaining to the purported $25,000 worth or "repairs" to the Team Berry's Kenworth that cost them $25,000 for a substandard, "lemon" engine etc. constituting the following UPA violations:

§ 57-12-2-D(14) using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive as well as these other UPA violations:
(17) failing to deliver the quality or quantity of goods or services contracted for; and
E. "unconscionable trade practice" means an act or practice in connection with the sale, lease, rental or loan, or in connection with the offering for sale, lease, rental or loan, of any goods or services, including services provided by licensed professionals, or in the extension of credit or in the collection of debts that to a person's detriment:
(1) takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree; or
(2) results in a gross disparity between the value received by a person and the price paid. (Emphasis added.)

**WHEREFORE, Plaintiff's respectfully request that the Court:**

---

C, Team Berry was notified shortly thereafter that that that particular engine had been sold and was not the engine used in violation of § 12.2.2.6.12 NMAC.

**Team Berry Complaint v. Saiz Trucking**

Page 9

1. Award Plaintiff's damages in an amount determined by the Jury or an amount three times the damages if the Jury determines such UPA violations were willful based upon the Defendants' egregious, unlawful and unethical conduct;

2. Award mandatory attorney's fees and costs pursuant to the UPA;

3. Provide any other relief deemed just under these extraordinarily egregious circumstances.

## BREACH OF CONTRACT

42. Paragraphs 1 through 41 are hereby incorporated by reference as if fully set forth herein.

43. Defendants' intentionally breached their oral agreement Larry made on or about July 6, 2019 with Team Berry at Cummins to perform the same "complete rebuild" Cummins offered using new Cummins parts warranted for one year when Defendants unilaterally tried to change the promised one year warranty and completely rebuild their engine to a 30 day warranty and "New Rod & Main Bearings-engine only," pursuant to the Defendant's deceptive invoice 2316 dated 8-12-19. See **EXHIBIT C.**

44. About ten weeks after Team Berry left their Kenworth to be repaired by Defendants, Don & Penny Berry were finally able to pick up their Kenworth from Defendants on September 19, 2019, which is documented by the Albuquerque Landstar Inspection, **EXHIBIT G.**

45. Only twenty-five days later Team Berry notified Larry on or about October 14, 2019 that they had significant concerns about the engine Defendants installed and that it needed warranty work.

46. Thus, on or about October 14, 2019 Larry was aware that Defendants had a duty to perform the warranty work on Team Berry's truck pursuant to their July 6, 2019 one year

Team Berry Complaint v. Saiz Trucking

oral agreement and even pursuant to the deceptive 30 day warranty as stated in invoice 2316 and as a matter of law pursuant to § 12.2.2.6.12 NMAC cited above for not designating the condition of the parts in Plaintiffs' long overdue inferior engine.

47. However, although Larry acknowledged that their truck was still under warranty, he insisted that any warrantee work had be performed at Defendants' Albuquerque shop and if Team Berry had any work done elsewhere, they would have to pay for it themselves.

48. In other words, if Saiz Trucking did not perform the warranty work in Albuquerque, Team Berry had no warranty coverage by Saiz Trucking whatsoever contrary to Defendants written invoice documenting at least a 30-day warranty, See **EXHIBIT C, Saiz Trucking Invoice 2316**.

49. **Saiz Trucking Invoice 2316, EXHIBIT C,** unlawfully omitted the material fact that all warranty work had to be performed at the Albuquerque shop constituting deceptive and unconscionable business practices under the New Mexico Unfair Practices Act.[3]

50. Nevertheless, Team Berry went out of their way in good faith to find a load that would allow them to stop in Albuquerque for the warranty work on the way to their load's destination.

51. Team Berry did so in good faith despite the obvious mechanical problems with Defendants' substandard engine that Defendants knew or should have known made it questionable as to whether Team Berry would even be able to make it to Albuquerque for the warranty work.

[3] See NM UPA § 57-12-2-D(14) using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive.  (Emphasis added.)

Team Berry Complaint v. Saiz Trucking

52. When Team Berry arrived in Albuquerque for the warranty work, Larry took their truck on a short "test drive," after which he outrageously told Team Berry in bad faith that there was nothing wrong with the engine and that **engine noise and excessive vibration** was due to the way they drove the truck in spite of the fact that Mr. Berry had over fifteen years and three million miles on the road at the time.

53. Contrary to Defendants' self-serving misdiagnosis of Team Berry's engine, Larry and or his mechanic knew or should have known that Team Berry's engine had significant mechanical problems, which without the warrantee work Team Berry specifically came out of their way to Albuquerque seeking, engine failure was imminent.

54. Defendants' outrageous failure to provide the warranty work when notified after only 25 days or so **violated their contractual duty to honor the one-year oral warranty promised by Larry or at least Defendants' written 30-day warranty. See EXHIBIT C, Saiz Trucking Invoice # 2316.**

55. Defendants' outrageous failure to provide the warranty work in good faith when Team Berry expressly took the truck to Albuquerque for that purpose at great risk considering their engine problems  in violation of Defendants' oral and written contracts, created a self-fulfilling prophesy that Team Berry would end up stranded once again in Knoxville Tennessee without a truck to earn living which occurred within a month on _____ contrary to Larry's claim there was "nothing wrong" with the engine.

56.  Defendants' refusal to honor their own warranties while the engine was still covered by their oral one-year warranty and their 30-day written warranty resulted in unnecessarily stranding Team Berry which should have been avoided. See **EXHIBIT C.**

Team Berry Complaint v. Saiz Trucking

57. When Team Berry called Larry from Knoxville regarding the complete failure of their substandard engine Defendants' provided and asked him what Saiz Trucking was going to do to help pursuant to Defendants' warranty obligations, **Larry outrageously "hung up" on Team Berry.**

58. **In so doing, Larry intentionally breached Defendants' contractual obligations pursuant to the oral one-year warranty and did not even honor their written 30-day warranty in bad faith and in violation of their contractual duty to honor it.  See EXHIBIT C.**

59. Especially disturbing is the fact that Team Berry notified Larry that warranty work was necessary on or about October 14, 2019, only 25 days after picking up the truck on 9-19-19 well within the written 30-day warranty period. See **EXHIBIT C.**

60. Because Larry outrageously  refused to honor Defendants' thirty day warranty unless Team Berry had the work done at Defendants' Albuquerque shop, Team Berry was forced to shop around for four days to find a load that would allow them to stop in Albuquerque for the Defendants to perform warranty work on the way to their destination.  See **EXHIBIT H**, Plaintiffs' freightbill history documenting Plaintiff's itinerary allowing them to travel through Albuquerque for the Defendants to perform their contractual warranty work which was intentionally breached by Defendants' claim that there was "nothing wrong" with their engine.

61. **EXHIBIT H** shows that on October 18, 2019 Team Berry travelled from New Jersey to pick up a load in Pennsylvania to be taken to Rialto California which allowed them to stop in Albuquerque on the way for the warranty work which Defendants falsely claimed was unnecessary on October 22, 2019.

Team Berry Complaint v. Saiz Trucking

62. Defendants' also outrageously refused to honor Team Berry's oral and written warranties (as well as the warranty on Defendants' unspecified condition of the repair parts pursuant to § 12.2.2.6.12 NMAC) again in November intentionally violating their contract with Team Berry in bad faith warranting significant punitive damages to punish Defendants and deter future shameful behavior. See Akins v. United Steel Workers, (NM S.Ct 2010)237 P.3d 744 at ¶ {1}:

> {1} In virtually all claims sounding in tort, our common law permits punitive damages where appropriate to punish outrageous conduct and to deter similar conduct in the future.

63. Defendants' horrendous, abusive, unethical and dangerous conduct towards Plaintiffs certainly warrants significant punitive damages to punish such outrageous conduct and to deter similar conduct in the future.

64. Since Defendants have been sued numerous times over the years and apparently have an existing suit still pending (Steve Winer et al. v. Larry P. Saiz, D-202-CV-2019-00148 filed 3-18-20 ), it appears that Defendants' egregious conduct illustrated herein are indicative of a pattern and practice warranting significant punitive damages to punish such outrageous conduct and to deter similar conduct in the future.

**WHEREFORE, Plaintiff's respectfully request that the Court:**

1. Award Plaintiff's damages in an amount determined by the Jury.

2. Award punitive damages in an amount determined by the jury for the Defendants' egregious, unethical and outrageous conduct;

3. Provide any other relief deemed just under these extraordinarily egregious circumstances.

## LOSS OF USE & LOSS OF WAGES

65. Paragraphs 1 through 64 are hereby incorporated by reference as if fully set forth herein.

Team Berry Complaint v. Saiz Trucking

Page 14

66. Salazar v. Mitsubishi, 2008 NMSC 054, supra, is also right on point regarding Team Berry's loss of use of their Kenworth and therefore their joint inability to pursue their long-haul trucking livelihood for both Penny & Dona Berry for 10 weeks before Defendants returned their truck.  See id.

67. Additionally, both Penny & Don Berry once again lost the use of their Kenworth and therefore their long-haul trucking livelihood when their Kenworth broke down irreparably only about two months after picking it up from Defendants originally on 9-19-19 and only about a month after Larry/Defendants outrageously refused to perform warranty service on October 22, 2019.  See **EXHIBIT H** irrefutably showing Plaintiffs went out of their way to have warranty work performed in Albuquerque which Defendants' refused to perform in bad faith.

68.  Team Berry lost the use of the Kenworth forever as it was not cost effective to try and rebuild another engine for the 2012 Kenworth and lost wages for both Dona & Penny for only another three weeks until they prematurely had to replace their Kenworth on or about November 12, 2019.  See EXHIBIT I

69. The facts in Salazar are eerily similar to the case at bar:

{1} Defendant D.W.B.H., Inc., d/b/a Santa Fe Mitsubishi (Mitsubishi), installed a used engine in Plaintiff Sandra Salazar's car. Salazar sued Mitsubishi, alleging that the used engine smoked and lost oil from the moment the car was retrieved from Mitsubishi until it ultimately ceased to work approximately three months after its installation. Following a bench trial, the trial court found that Mitsubishi had breached express and implied warranties and violated the Unfair Practices Act (UPA), NMSA 1978, §§ 57-12-1 to -22 (1967, as amended through 1999), and awarded Salazar compensatory damages, punitive damages, and attorney fees, but denied to award her damages for the loss of use of her vehicle. Mitsubishi appealed this adverse judgment to the Court of Appeals, which reversed the trial court. We granted certiorari and conclude that there is substantial evidence to support the trial court's award of compensatory damages under the theories of breach of the implied warranty of merchantability and violation of the UPA. We therefore reverse the Court of Appeals and remand for its consideration of the issues concerning <u>punitive damages</u>, attorney's fees, and loss of use damages. (Emphasis <u>added</u>.)

Team Berry Complaint v. Salz Trucking

70. Consequently, Team Berry is entitled to loss of use damages and lost wages for the eight weeks due to the ten week delay before finally obtaining the Kenworth from Defendants minus two weeks that a competent mechanic could have rebuilt an engine and installed it and an additional _____ weeks after the Kenworth broke down permanently before they could replace it and get back on the road.

**WHEREFORE, Plaintiff's respectfully request that the Court:**

1. Award Plaintiff's damages for loss of use and lost wages in an amount determined by the Jury

2. Award punitive damages in an amount determined by the jury for the Defendants' egregious outrageous conduct;

3. Provide any other relief deemed just under these extraordinarily egregious circumstances.

Respectfully Submitted,

/S/ Electronically Signed Ed Meintzer
Ed Meintzer
Meintzer Law Firm
417 Hwy 314 NW
Los Lunas, NM 87031
(505) 865-9702

Team Berry Complaint v. Saiz Trucking

 **Sales and Service**

Payment terms are 30 days from invoice date unless otherwise agreed upon in writing. Remit to:
Cummins Sales and Service
P.O. Box 912138
Denver, CO 80291-2138

ALBUQUERQUE NM BRANCH
1921 BROADWAY NE
ALBUQUERQUE, NM 87102-
(505)247-2441

# EXHIBIT A

INVOICE NO

**ESTIMATE**

REMIT TO: P.O. Box 912138
Denver, CO 80291-2138

**BILL TO**
DON BERRY
3737 VIRGINIUS DR
VIRGINIA BEACH, VA 23452-

**OWNER**
DON BERRY
3737 VIRGINIUS DR
VIRGINIA BEACH, VA 23452-
DON BERRY - 757 618-5835

PAGE   1 OF 3

*** CCARD ***

| DATE | CUSTOMER ORDER NO. | DATE IN SERVICE | ENGINE MODEL | PUMP NO. | EQUIPMENT MAKE |
|---|---|---|---|---|---|
| 06-OCT-2020 | CHECK | 25-FEB-2011 | ISX15 CM2250 | | KENWORTH |
| **CUSTOMER NO.** | **SHIP VIA** | **FAIL DATE** | **ENGINE SERIAL NO.** | **CPL NO.** | **EQUIPMENT MODEL** |
| 897792 | | 05-JUL-2019 | 79459793 | | T600 SERIES |
| **REF. NO.** | **SALESPERSON** | **PARTS DISP.** | **MILEAGE/HOURS** | **PUMP CODE** | **UNIT NO.** |
| 138221 | | | 1677160 / 0 | | 566072 |

| QUANTITY ORDERED | BACK ORDERED | QUANTITY SHIPPED | PART NUMBER | DESCRIPTION | PRODUCT CODE | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|---|

**OSN/MSN/VIN** 1XKAD49X8CJ301022

**COMPLAINT**
1. AIR DRIER GOES INTO PURGE CYCLE AND WILL NOT GO BACK TO BUILDING AIR AGAIN, PURGE VALVE STAYS OPEN
2. EXHAUST LEAK BEHIND TURBO
3. CHECK THAT OIL SYSTEM PRESSURE IS IN SPEC
4. QUOTE REPLACING THE CRANKCASE FILTER

**JSE** FOUND EXHAUST LEAK AT BELLOWS

FOUND AIR GOVERNOR NOT SENDING SIGNAL TO DRYER, AND BLOW OFF VALVE STICKING.

FOUND OIL PRESSURE SENSOR WICKING WITH OIL. FOUND LOW OIL PRESSURE

#4 MAIN BEARING SPUN INSIDE BLOCK

**CORRECTION**
FOUND EXHAUST LEAK AT BELLOWS, FOUND AIR GOVERNOR NOT SENDING SIGNAL TO DRYER, AND BLOW OFF VALVE STICKING. FOUND OIL PRESSURE SENSOR WICKING WITH OIL. FOUND LOW OIL PRESSURE, NEED TO PROCEED WITH TS.
-LOCATED JOB. -LOCATED OIL TURTLE. -DRAINED OIL. -REMOVED HARNESS AND OIL DRAIN LINE. -REMOVED OIL PAN BOLTS. -DROPPED THE OIL PAN PULLED UNDER UNIT FOUND MEATAL COOPER OR METAL SHAVINGS INSIDE PAN, -WILL NEED TO CONTINUE REMOVING MAINS AND OIL FILTER. -WILL NEED TO IN SPEC CRANK AND INTERNAL PART DAMAGE. MK988 -JSA 7-9-19 - CLEANED AND PICKED UP WORK AREA FROM OIL SPILL AND SET SHOP TOOLS BACK AFTER CLEANING WITH POWER WASHER.
CLEANED WORK AREA, -REMOVED OIL PICK UP TUBE, AND STIFF PLATE. - REMOVED MAIN CAPS #1,#4,#7, VISUAL SCORING ON ALL MAIN CAPS, #4 MAINS SPUN INSIDE BLOCK, DURING REMOVAL OF #4 CAP UPPER AND LOWER MAIN CONNECTED TOGETHER AND CAN SEE TANGS CONNECTED, MAIN SPUN BLOCK IS NOT REUSABLE, PROPER REPAIR WILL NEED TO REPLACE ENGINE WITH FUEL READY, DUE TO METAL MATERIAL CONTAMINATION IN OIL COULD MADE IT THRU COMPONENTS THRU OUT ENGINE, LONG BLOCK IS NOT AN OPTION, UPLOADED PICS OF DAMAGED PARTS ON CSS.
CLEANED AND PICKED UP WORK AREA FROM OIL SPILL AND SET SHOP TOOLS

Completion date : 06-Jul-2019 07:31AM.  Estimate expires : 04-Aug-2019 09:08AM.

Billing Inquiries? Call (303)927-2116 or email RockyMountainCredit@cummins.com

THERE ARE ADDITIONAL CONTRACT TERMS ON THE REVERSE SIDE OF THIS DOCUMENT, INCLUDING LIMITATION ON WARRANTIES AND REMEDIES, WHICH ARE ESSLY INCORPORATED HEREIN AND WHICH PURCHASER ACKNOWLEDGES HAVE READ AND FULLY UNDERSTOOD.

AUTHORIZED BY (print name)_____   SIGNATURE_____   DATE_____



**Sales and Service**

Payment terms are 30 days from invoice date unless otherwise agreed upon in writing. Remit to:
Cummins Sales and Service
P.O. Box 912138
Denver, CO 80291-2138

ALBUQUERQUE NM BRANCH
1921 BROADWAY NE
ALBUQUERQUE, NM 87102-
(505)247-2441

| INVOICE NO |
| --- |
| **ESTIMATE** |
| REMIT TO: P.O. Box 912138 Denver, CO 80291-2138 |

**BILL TO**
DON BERRY
3737 VIRGINIUS DR
VIRGINIA BEACH, VA 23452-

**OWNER**
DON BERRY
3737 VIRGINIUS DR
VIRGINIA BEACH, VA 23452-
DON BERRY - 757 618-5835

PAGE    2 OF 3

*** CCARD ***

| DATE | CUSTOMER ORDER NO. | DATE IN SERVICE | ENGINE MODEL | PUMP NO. | EQUIPMENT MAKE |
| --- | --- | --- | --- | --- | --- |
| 06-OCT-2020 | CHECK | 25-FEB-2011 | ISX15 CM2250 | | KENWORTH |
| CUSTOMER NO. | SHIP VIA | FAIL DATE | ENGINE SERIAL NO. | CPL NO. | EQUIPMENT MODEL |
| 897792 | | 05-JUL-2019 | 79459793 | | T600 SERIES |
| REF. NO. | SALESPERSON | PARTS DISP. | MILEAGE/HOURS | PUMP CODE | UNIT NO. |
| 138221 | | | 1677160 / 0 | | 566072 |

| QUANTITY ORDERED | BACK ORDERED | QUANTITY SHIPPED | PART NUMBER | DESCRIPTION | PRODUCT CODE | UNIT PRICE | AMOUNT |
| --- | --- | --- | --- | --- | --- | --- | --- |
| OSN/MSN/VIN | | | 1XKAD49X8CJ301022 | | | | |
| COVERAGE | | | BACK AFTER CLEANING WITH POWER WASHER. CUSTOMER BILLABLE | | | | |
| | | | | | DIAGNOSTIC CHARGE: | | 941.53 |
| 1 | | 0 | 4026684 | GASKET,OIL PAN | CECO | 212.40 | 212.40 |
| 13 | | 0 | VV705290 | PREMIUM BLUE 15W40 BULK | RM-VALVOLINE | 13.11 | 170.43 |
| 1 | | 0 | 275491 | D-2 GOVERNOR | RM-OTHER | 16.67 | 16.67 |
| 1 | | 0 | BELLOWS | BELLOWS | C1-NSPART3 | 353.59 | 353.59 |
| 1 | | 0 | DR6592RX | ENG ISX 15 10 B 485@1800 | DRC | 34,192.50 | 34,192.50 |
| 1 | | 0 | DR6588D | ENG ISX 15 EPA 2010 | CLEAN | 9,750.00 | 9,750.00 |
| -1 | | 0 | DR6588D | ENG ISX 15 EPA 2010 | DIRTY | 9,750.00 - | 9,750.00 |
| 14 | | 0 | CC36077 | OAT | FLG | 16.32 | 228.48 |
| 4 | | 0 | 30R134A | FREON 30 LB | RM-OTHER | 12.93 | 51.72 |
| 1 | | 0 | MISC BELTS HOSES | & AIR FILTERS | C1-NSPART4 | 1,400.00 | 1,400.00 |

| | | |
| --- | --- | --- |
| PARTS: | | 36,625.79 |
| PARTS COVERAGE CREDIT: | | 0.00CR |
| TOTAL PARTS: | 36,625.79 | |
| SURCHARGE TOTAL: | | 0.00 |
| LABOR: | | 7,279.72 |
| LABOR COVERAGE CREDIT: | | 0.00CR |
| TOTAL LABOR: | 7,279.72 | |
| MISC.: | | 300.00 |
| MISC. COVERAGE CREDIT: | | 0.00CR |

Completion date : 06-Jul-2019 07:31AM.  Estimate expires : 04-Aug-2019 09:08AM.

Billing Inquiries? Call (303)927-2116 or email RockyMountainCredit@cummins.com

THERE ARE ADDITIONAL CONTRACT TERMS ON THE REVERSE SIDE OF THIS
DOCUMENT, INCLUDING LIMITATION ON WARRANTIES AND REMEDIES, WHICH ARE
EXPRESSLY INCORPORATED HEREIN AND WHICH PURCHASER ACKNOWLEDGES HAVE
BEEN READ AND FULLY UNDERSTOOD.

AUTHORIZED BY (print name)_____  SIGNATURE_____  DATE_____



## Sales and Service

Payment terms are 30 days from invoice date unless otherwise agreed upon in writing. Remit to:
Cummins Sales and Service
P.O. Box 912138
Denver, CO 80291-2138

ALBUQUERQUE NM BRANCH
1921 BROADWAY NE
ALBUQUERQUE, NM 87102-
(505)247-2441

**INVOICE NO**

**ESTIMATE**

REMIT TO: P.O. Box 912138
Denver, CO 80291-2138

**BILL TO**
DON BERRY
3737 VIRGINIUS DR
VIRGINIA BEACH, VA 23452-

**OWNER**
DON BERRY
3737 VIRGINIUS DR
VIRGINIA BEACH, VA 23452-
DON BERRY - 757 618-5835

PAGE   3 OF 3

*** CCARD ***

| DATE | CUSTOMER ORDER NO. | DATE IN SERVICE | ENGINE MODEL | PUMP NO. | EQUIPMENT MAKE |
|---|---|---|---|---|---|
| 06-OCT-2020 | CHECK | 25-FEB-2011 | ISX15 CM2250 | | KENWORTH |
| **CUSTOMER NO.** | **SHIP VIA** | **FAIL DATE** | **ENGINE SERIAL NO.** | **CPL NO.** | **EQUIPMENT MODEL** |
| 897792 | | 05-JUL-2019 | 79459793 | | T600 SERIES |
| **REF. NO.** | **SALESPERSON** | **PARTS DISP.** | **MILEAGE/HOURS** | **PUMP CODE** | **UNIT NO.** |
| 138221 | | | 1677160 / 0 | | 566072 |

| QUANTITY ORDERED | BACK ORDERED | QUANTITY SHIPPED | PART NUMBER | DESCRIPTION | PRODUCT CODE | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|---|
| **OSN/MSN/VIN** | | 1XKAD49X8CJ301022 | | | | | |

TOTAL MISC.:   300.00

ELECTRONIC TOOLING FEE   50.00
HAZ WASTE DISPOSAL   100.00
SHOP SUPPLIES   150.00

CITY   690.71
LOCAL   524.94
STATE   2,265.53

Completion date : 06-Jul-2019 07:31AM.  Estimate expires : 04-Aug-2019 09:08AM.

Billing Inquiries? Call (303)927-2116 or email RockyMountainCredit@cummins.com

THERE ARE ADDITIONAL CONTRACT TERMS ON THE REVERSE SIDE OF THIS
DOCUMENT, INCLUDING LIMITATION ON WARRANTIES AND REMEDIES, WHICH ARE
EXPRESSLY INCORPORATED HEREIN AND WHICH PURCHASER ACKNOWLEDGES HAVE
BEEN READ AND FULLY UNDERSTOOD.

SUB TOTAL:   45,147.04
TOTAL TAX:   3,481.18

**TOTAL AMOUNT: US $**   48,628.22

AUTHORIZED BY (print name)_____  SIGNATURE_____  DATE_____

9/11/2020     Yahoo Mail - Fwd: Invoice 2316 for Engine Purchase from Saiz Trucking & Earthmoving INC

## Fwd: Invoice 2316 for Engine Purchase from Saiz Trucking & Earthmoving INC

From: D' Thompson (jtwnz2@aol.com)

To: teamberryva@yahoo.com

Date: Tuesday, August 13, 2019, 11:12 AM EDT

# EXHIBIT B

Thanks for taking my call Mr. Barry.  Here is the invoice sir.
Kindly, let me know you've received it.

D' Thompson
Saiz Trucking & Earthmoving Inc
505*315*4111
Fax: 505*828*1200
jtwnz2@aol.com

---

From: jtwnz@gmail.com
To: teamberry@yshoo.com
Sent: 8/12/2019 4:33:15 PM Mountain Standard Time
Subject: Invoice 2316 for Engine Purchase from Saiz Trucking & Earthmoving INC

## Saiz Trucking & Earthmoving INC

**Invoice**  Due:08/12/2019
**2316**                    Amount Due: **$16,925.00**

Mr. Barry,

Please find attached our Invoice 2316 for Engine Purchase fo $16,925.00. Kindly
provide us with proof of wired funds at your earliest convenience.

We thank you most kindly for your business! Do know that it is appreciated very
much and hope we can be of service again!

Kindly, PLEASE respond that you are in receipt of this communication to the
FROM address above at jtwnz22@aol.com. Thank you in advance for the
acknowledgement.

Sincerely,
D' Thompson
Cell: 505-315-4111
Fax: 505-828-1200

Saiz Trucking & Earthmoving INC
505-450-7232 for Larry Saiz, President



inv_2316_from_Saiz_Trucking__Earthmoving_INC_12508.pdf
72.4kB

1/1

# Saiz Trucking & Earthmoving INC

1656 Cliffside Dr NW
Albuquerque, NM  87105

## EXHIBIT C

# Invoice

| Date | Invoice # |
|---|---|
| 8/12/2019 | 2316 |

**Bill To**

Don Berry
3737 Virginius Dr
Virginia Beach, VA 23452

| P.O. Number | Terms |
|---|---|
| | Due on receipt |

| Contract #: | Due Date |
|---|---|
| | 8/12/2019 |

**Project  or  Job:**  *Engine #CM2350*

| Item Code | Quantity | Description | Price Each | Amount |
|---|---|---|---|---|
| Part Sale | 1.00 | One (1) Engine Assembly #SV-1613-1<br>* Good used Cummins ISX15<br>* Year:  2015<br>* S/N:  CM2350<br>* HP:  525<br>* New Rod and Main Bearings-engine only<br>* Mileage:  459,966<br>* 30 Day Warranty | 16,500.00 | 16,500.00 |
| Delivery Charge | 1.00 | Delivery Charge<br><br>NO Sales Tax due to Out-of-State Customer | 425.00 | 425.00 |

| Phone # | Fax # | E-mail |
|---|---|---|
| 505-450-7232 | 505-828-1200 | jflwnz2@aol.com |

| | |
|---|---|
| **Subtotal** | $16,925.00 |
| NM Sales Tax (7.5%) | $0.00 |
| Payments/Credits | $0.00 |
| **Balance Due:** | **$16,925.00** |

**EXHIBIT D**

| | ENGINE NO. | 2012 | |
| | | | |
| | LICENSE NO. | TERMS | PHONE WHEN READY ☐ yes ☐ no |
| | ORDER WRITTEN BY Ryan S. Z | PHONE 767-618-____ | |

Install Jex 15 engine (original motor)
Replace clutch with easy pedal
Replace motor mounts and hoses if needed
wash frame before install
Replace thermostats and sensors if needed
Clean radiator & replace oils/filters _____
Price of parts will vary depending _____

Estimated cost for all ($22,000 - $25,000)

You are asked for a price estimate for the repairs you have authorized. The repair price may be less than your permission. Your signature will indicate your estimate selection.
The repair estimate - I understand that my car will be reassembled within _____ above of the cost of...

☐ Please fix estimate in writing before you begin repairs. _____

☐ Please contact with repairs that are not me before continuing if the price will exceed $ _____

☐ Do the work on estimate



**INVOICE**

**LARRY SAIZ**

**SAIZ TRUCKING & EARTHMOVING INC.**

**DATE**
9/18/2019

EXHIBIT E

teamberryva@yahoo.com

| ITEM | DESCRIPTION | QTY | UNIT PRICE | AMOUNT |
|------|-------------|-----|------------|--------|
| Part | Cummins ISX15 Engine Serial#: 79553123 450 Horsepower | 1 | $25,000.00 | $25,000.00 |

| | | |
|---|---|---|
| | Subtotal | $25,000.00 |
| | Sales Tax | 0.00 |
| | Total | $25,000.00 |

Customer Has Paid In Full

9-18-19



# Landstar Transportation Logistics, Inc. TRACTOR/STRAIGHT TRUCK (with air drum or air disk brakes) Inspection - 49 CFR 396.17

13410 Sutton Park Drive South, Jacksonville, Florida 32224

| | |
|---|---|
| Inspection Facility: TA Albuquerque | 081 |
| City and State: 2501 University Blvd. NE, Albuquerque, NM 87107 | |
| Inspector's Name: CHRISTOPHER TRUJILLO | |
| Inspection Date: 9/19/2019 ☑Pass ☐Fail | Repair Date(s): |

Registered Owner: don berry

Vehicle Make: KW

Vehicle Model & Year: OTHER / Engine Manufacture Year: 12 (located on the engine plate)

Odometer: 1677265

**EXHIBIT G**

New Lease ☐   Trade Of Equipment ☐

If checked: Electronic Control Engine (ECU)?   YES ☐   NO ☐

Diagnostic Port has 6 Pin ☐ OR 9 Pin ☐

| UNIT #: | 5 6 6 0 7 2 |
|---|---|
| SERIAL#: | 3 0 1 0 2 2 |
| LICENSE #: | 2 7 4 2 7 0 |

## Report Failed Inspections IMMEDIATELY – CALL 800-872-9543 – 24/7

This Vehicle Inspection is in accordance with, and the following list of components are to be inspected per the criteria listed in 49 CFR Part 396.17 and Appendix G to Subchapter B, Minimum Periodic Inspection Standards (see back of form).

### Minimum Periodic Inspection Standards, Appendix G to Subchapter B

| OK | NEEDS REPAIR | ✓=ITEM INSPECTED    NA= NOT APPLICABLE | OK | ✓=ITEM INSPECTED    NA= NOT APPLICABLE | OK | ✓=ITEM INSPECTED    NA= NOT APPLICABLE |
|---|---|---|---|---|---|---|
| | | **1. BRAKE SYSTEM** | | **5. LIGHTING DEVICES** | | **10. TIRES** |
| ✓ | | a. Service Brakes, Linings, Slack Adjustors, etc. | ✓ | All lighting devices and reflectors required by Section 393 shall be operable | ✓ | a. Steer Tires |
| ✓ | | b. Parking Brake System | | | ✓ | b. Drive Tires |
| ✓ | | c. Brake Drums or Rotors | | **6. SAFE LOADING** | | **11. WHEELS AND RIMS** |
| ✓ | | d. Brake Hose | ✓ | a. Part(s) of vehicle or condition of loading such that the spare tire or any part of the load or dunnage can fall onto the roadway. | ✓ | a. Wheels and Rims |
| ✓ | | e. Brake Tubing | | | ✓ | b. Fasteners |
| ✓ | | f. Low Pressure Warning Device | | | ✓ | c. Welds |
| ✓ | | g. Tractor Protection Valve | | | | **12. WINDSHIELD GLAZING** |
| ✓ | | h. Air Compressor | | **7. STEERING MECHANISM** | ✓ | Requirements and exceptions as stated pertaining to any crack, discoloration or vision reducing matter (Ref: 393.60 for exceptions) |
| NA | | i. Electric Brakes | ✓ | a. Steering Wheel Free Play | | |
| NA | | j. Hydraulic Brakes | ✓ | b. Steering Column | | **13. WINDSHIELD WIPERS** |
| ✓ | | k. Vacuum Systems | ✓ | c. Front Axle Beam and All Steering Components Other Than Steering Column | ✓ | Any power unit that has an inoperative wiper, or missing or damaged parts that render it ineffective. |
| ✓ | | l. Audible Air Leak | ✓ | d. Steering Gear Box | | |
| | | **2. COUPLING DEVICES** | ✓ | e. Pitman Arm | | **14. ABS Tractor Dash Malfunction Lamp** |
| ✓ | | a. Fifth Wheel - Upper | ✓ | f. Power Steering | ✓ | 393.55(d)(1)&(2) a. In Dash Tractor Malfunction Lamp on Tractors manufactured on or after 3/01/97 |
| ✓ | | b. Fifth Wheel - Lower | ✓ | g. Ball and Socket Joints | | b. In Dash Trailer Malfunction Lamp on Tractors manufactured on or after 03/1/01 |
| NA | | c. Pintle Hooks | ✓ | h. Tie Rods and Drag Links | | |
| NA | | d. Saddle-Mounts | ✓ | i. Nuts | | **15. REFLECTIVE TAPE** |
| | | **3. EXHAUST SYSTEM** | ✓ | j. Steering System | ✓ | Reflective tape required on tractors manufactured after July 1, 1997 Red & White Tape on Mud Flap Brackets White "L" Tape rear of sleeper high as practicable |
| ✓ | | a. Any exhaust system determined to be leaking at a point forward of or directly below the driver/sleeper compartment | | **8. SUSPENSION** | | |
| | | | ✓ | a. Any U-bolt(s), spring hanger(s), or other axle positioning part(s) cracked, broken, loose or missing resulting in shifting of an axle from its normal position. | | **16. EMERGENCY EQUIPMENT 393.95 (1)(2)(3)(4)** |
| ✓ | | b. No part of the exhaust system of any motor vehicle shall be so located as would be likely to result in burning, charring, or damaging the electrical wiring, the fuel supply, or any combustible part of the motor vehicle. | | | ✓ | a. Fire extinguisher securely mounted. |
| | | | ✓ | b. Spring Assembly | ✓ | b. Warning devices, reflective triangles. |
| | | | ✓ | c. Torque, Radius or Tracking Components. | | **17. OTHER, 49 CFR 393** Document in Comments |
| | | **4. FUEL SYSTEM** | | **9. FRAME** | | **18. LANDSTAR DOOR SIGNS, ID** |
| ✓ | | a. Visible leak | ✓ | a. Frame Members | | a. Driver Side    Not required for new lease |
| ✓ | | b. Fuel tank filler cap missing | ✓ | b. Driveshaft / Drivetrain Components | | b. Passenger Side |
| ✓ | | c. Fuel tank securely attached | ✓ | c. Tire and Wheel Clearance | | **19. UNIT NUMBERS DISPLAYED** |
| | | | | | | **20. SPLASH GUARDS/MUD FLAPS** |
| | | | | | ✓ | a. Driver Side |
| | | | | | | b. Passenger Side |

Inspector's Signature: _____    Date: 09 / 19 / 19

I certify I have inspected the equipment listed above in accordance with 49 CFR 396.17 & Appendix G - Federal Periodic Inspection Standards.

Operator's Signature: _____    Date: 09 / 19 / 19

Comments: _____

**\* Receipts required for all repairs \***
**CALL 800-872-9543**
**FAX 904-390-1212**

| SHORT STROKE ☐Left ☐Right | | |
|---|---|---|
| LONG STROKE ☐Left ☐Right | | |
| PER ROD TRAVEL | | |
| | IN | IN |
| 19 | 1 3/4 | 1 1/2 | 19 |
| Number | Number |
| 24 | 24 |
| **BRAKE SHOE THICKNESS** | | |
| | IN | IN |
| | 1/2 | 1/2 |
| 32nds | 32nds |

Blind Spot Equipment on Passenger Side Hood

Mirror ☐Yes ☐No

Camera ☐Yes ☐No

**Brake Spot-Chek Used** ☐ YES ☑ NO

STEER TIRE SIZE LP22.5

DRIVE TIRE SIZE LP22.5

| SHORT STROKE ☐Left ☐Right | | |
|---|---|---|
| LONG STROKE ☐Left ☐Right | | |
| PER ROD TRAVEL | | |
| | IN | IN |
| 8 | 1 1/2 | 1 | 8 |
| 8 | Number 30 | Number 30 | 8 |
| | 11/16 | 3/8 | |
| 32nds | 32nds | 32nds |
| **BRAKE SHOE THICKNESS** | | |

| SHORT STROKE ☐Left ☐Right | | |
|---|---|---|
| LONG STROKE ☐Left ☐Right | | |
| PER ROD TRAVEL | | |
| | IN | IN |
| 8 | 1 | 1 1/2 | 8 |
| 8 | Number 30 | Number 30 | 7 |
| | 11/16 | 5/8 | |
| 32nds | 32nds | 32nds |
| **BRAKE SHOE THICKNESS** | | |

| SHORT STROKE ☐Left ☐Right | | |
|---|---|---|
| LONG STROKE ☐Left ☐Right | | |
| | IN | IN |
| | | |
| Number | Number |
| | | |
| 32nds | 32nds |
| **BRAKE SHOE THICKNESS** | | |

Non-OEM Hidden Compartm'    Yes☐ No☑

(Describe and give location) _____

**Ed_Meintzer@hotmail.com**

| From: | Penny Berry <teamberryva@yahoo.com> |
|-------|-------------------------------------|
| Sent: | Monday, October 12, 2020 9:14 AM |
| To: | Ed Meintzer |
| Subject: | Fwd: freightbill history |

# EXHIBIT H

Sent from my iPhone

Begin forwarded message:

**From:** "Fye, Laura" <lfye@landstar.com>
**Date:** October 12, 2020 at 11:02:11 AM EDT
**To:** "teamberryva@yahoo.com" <teamberryva@yahoo.com>
**Subject: freightbill history**

| DP510L | LANDSTAR | 10/12/20 |
|--------|----------|----------|
| LFYE | Tractor History Inquiry | 10:53:18 |

Tractor # 566072   Status OUT OF SERVICE

| FC | Frt | Bill # | Date | Time | City | St | Miles | Trailr | Truck | Oper |
|----|-----|--------|------|------|------|----|-------|--------|-------|------|
| FX | | | 10/16/19 | 16:03 | GREENEVILLE | TN | 0 | | | |
| FX | | | 10/17/19 | 22:40 | WINCHESTER | VA | 0 | | | |
| DU | BWS | 3576760 | 10/18/19 | 6:30 | JERSEY CY | NJ | 817 | 694922 | BERRYD1 | |
| PT | OLL | 4845889 | 10/18/19 | 12:00 | ALBURTIS | PA | 98 | 694922 | BERRYD1 | |
| FX | | | 10/18/19 | 20:46 | WYTHEVILLE | VA | 0 | | | |
| FX | | | 10/19/19 | 15:07 | NORTH LITTLE | AR | 0 | | | |
| FX | | | 10/20/19 | 6:03 | AMARILLO | TX | 0 | | | |
| FX | | | | | ALBUQUERQUE | NM | | | | |
| FX | | | 10/23/19 | 7:55 | BARSTOW | CA | 0 | | | |
| DU | OLL | 4845889 | 10/23/19 | 8:00 | RIALTO | CA | 2,619 | 694922 | BERRYD1 | + |

F3=Exit  F6=Restart  F12=Previous

Laura Fye
Loss Prevention Coordinator, Safety Services
Landstar Transportation Logistics, Inc.
Phone: 800-872-9496
800-972-5130
Email:  lfye@landstar.com

1

# EXHIBIT I

**FLEET COPY: 1**
POSTED: 11/13/19 01:36 pm UTC

## The Peterbilt Store - Knoxville
5218 Rutledge Pike Knoxville, Tennessee 37924
Phone: (865) 546-9553



**PACCAR SOLUTIONS**

Case Number: 5611677 - Repair Order Number: 96567
Purchase Order Number: n/a
Service Writer: Beard, Bridgett - Case Date: 11/12/19 12:25 pm UTC

| Team Berry | | Unit #: 566072 | | | |
|---|---|---|---|---|---|
| **Address:** 3737 VIRGINUS DRIVE | | **Asset:** | 2012 Kenworth T600 | **Miles** | 1,593,015 |
| VIRGINIA BEACH, VA 23452 | | **Serial #:** | CJ301022 | **Warranty Start:** | 2/25/2011 |
| **Phone:** (757) 618-5835 | | **VIN:** | 1XKAD49X8CJ301022 | **In Service:** | 8 Years 8 Months |
| **Fax:** | | **Engine:** | CUM ISX | | |
| **Cust #:** 00119 | | **Engine Hours:** 14902 | | | |



| Operation | Operation | Labor | Parts | Core Charge | Total |
|---|---|---|---|---|---|
| 1 | **Driveshafts 20 - 2400**<br>**Parts:** (1.0) KIT<br><br>**Complaint:**<br>CHECK DRIVELINE FROM TOW.<br><br>**Correction:**<br>INSTALL DRIVE SHAFT THAT WAQS REMOVED FOR TOWING. | $80.00 | $19.88 | $0.00 | $99.88 |
| 2 | **Engine 40 - 4500**<br>**Parts:** (1.0) ADHESIVE-THREADLOCKER RED 6M, (1.0) ENG-ISXCUM 15<br>10 B 450@1800 Core: $12,046.32, (1.0) GASKET M42-1002, (12.0) BOLT-<br>HEX SL NYL 7/16-14NCX1-, (12.0) SANDING PADS, (14.0) BRAKE CLEAN<br>NON-CHOL PALLET, (14.0) COOLANT-TRP ELC 50/50, (48.0)<br>LUBRICANT-OIL DELO 400LE SAE<br><br>**Complaint:**<br>CUSTOMER STATES THEY HAD THE MOTOR CHANGED A COUPLE<br>MONTHS AGO. STATES UNIT MADE A LOUD NOISE AND THEN MOTOR<br>STOPPED. CHECK AND ADVISE.<br><br>**Correction:**<br>DIAG ENGINE. R&R ENGINE WITH REMAN ENGINE.. | $7,200.00 | $36,070.16 | $12,046.32 | $55,316.48 |

**Notes:** *[11/12/2019 at 12:30 pm UTC]* - Unit 566072 was checked in at The Peterbilt
Store - Knoxville, arrival time: unknown. NOTE: We will get unit pulled in as soon
as possible, thank you.
Repair status set to Checked-in.
*[11/13/2019 at 01:36 pm UTC]* - Approval Requested for the estimate version 1,
total $61,093.67. *View the estimate.*
Repair status set to Hold (auth).

| | |
|---|---|
| **Parts:** | $36,090.04 |
| **Labor:** | $7,280.00 |
| **Core:** | $12,046.32 |
| **Haz. Waste:** | $5.00 |
| **Shop:** | $250.00 |
| **Freight:** | $250.00 |
| **Tax:** | $5,172.31 |
| **TOTAL:** | $61,093.67 |

This estimate is subject to teardown and inspection and is valid for 30 days from date above. I, the undersigned, authorize you to perform the repairs and furnish
the necessary materials. I understand any costs verbally quoted are an estimate only and not binding. Your employees may operate vehicle for inspecting, testing
and delivery at my risk. You will not be responsible for loss or damage to vehicle or articles left in it. AUTHORIZED BY:_____
DATE:___/____/_____

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**1/20/2021 12:05 PM**
**CLERK OF THE COURT**
**Patricia Serna**

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT**

**DON BERRY, PENNY BERRY,**
**DBA TEAM BERRY INCORPORATED, A**
**VIRGINIA CORPORATION,**
        **Plaintiffs,**

**v.**                                                    No: ___D-202-CV-2021-00423___

**LARRY SAIZ,**
**SAIZ TRUCKING & EARTHMOVING,**
**A NEW MEXICO CORPORATION.,**
        **Defendants.**

## JURY DEMAND

Comes now, Plaintiffs, by and through their attorney of record, MEINTZER LAW FIRM, Ed

Meintzer and hereby demands a six-person Jury.

                        Respectfully Submitted,

                        Electronically Signed /S/ Ed Meintzer
                        Ed Meintzer
                        MEINTZER LAW FIRM
                        417 Hwy 314 NW
                        Los Lunas, NM 87031
                        (505)865-9702
                        ed_meintzer@hotmail.com

I hereby certify that a true and correct copy of the foregoing was sent to Defendants via certified mail
return receipt request and or via e-mail and or fax and or personal service if necessary, on this _____
day of January 2021.

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**1/20/2021 12:05 PM**
**CLERK OF THE COURT**
**Patricia Serna**

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT**

**DON BERRY, PENNY BERRY,**
**DBA TEAM BERRY INCORPORATED, A**
**VIRGINIA CORPORATION,**
     **Plaintiffs,**

**v.**                                                        No: _D-202-CV-2021-00423_

**LARRY SAIZ,**
**SAIZ TRUCKING & EARTHMOVING,**
**A NEW MEXICO CORPORATION.,**
     **Defendants.**

## COURT ANNEXED ARBITRATION CERTIFICATION

COMES NOW the Plaintiffs, by and through their attorney, and certifies, pursuant to L.

R. 2-603A, that Plaintiffs seeks relief of monetary damages in excess of $25,000.00.  Plaintiff

does not seek any other relief.

(The amounts sought herein are exclusive of attorney fees, interest and/or punitive

damages.)

Respectfully submitted,

Ed Meintzer

*/s/ Ed Meintzer*
MEINTZER LAW FIRM
417 Hwy 314 NW
Los Lunas, New Mexico 87031
(505) 865-9702
ed_meintzer@hotmail.com

*Attorney for Plaintiff*