IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DON BERRY, PENNY BERRY,**
**DBA TEAM BERRY INCORPORATED, A**
**VIRGINIA CORPORATION,**

    **Plaintiffs,**

v.                                      No. 1:21-cv-00216-GBW-KK

**LARRY SAIZ, SAIZ TRUCKING &**
**EARTHMOVING, A NEW MEXICO**
**CORPORATION,**

    **Defendants.**

## PLAINTIFFS' MOTION TO REMAND
### (Regarding Document 1)

Comes now the Plaintiffs, by and through their attorneys, Steven K. Sanders & Associates, LLC (Steven K. Sanders) and Meintzer Law Firm (Ed Meintzer) and pursuant to 28 U.S.C. § 1446(b) move this Court to remand the above proceeding because it was not timely removed.

28 U.S.C. § 1446(b) reads as follows:

> The notice of removal of a civil action or proceeding **shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading** setting forth the claim for relief upon which such action or proceeding is based....

In the case at bar, Defendants were served by Bernalillo County Deputy Gonzales on February 1, 2021[1]. Thirty days thereafter would be March 3, 2021. Defendants removed the action on March 11, 2021 which is well past the thirty-day limit. Defendants' counsel acknowledged via e-mail on February 26, 2021 that the answer was due and requested a ten (10) day extension because she was in trial the following week.[2]

---

[1] See Exhibit 1 and 2, the summons for each Defendant showing February 1, 2001 as the service date.
[2] See Exhibit 1, e-mail of February 26, 2021 to Ed Meintzer requesting ten-day extension to file a response.

1

It is hornbook law that Federal courts are courts of limited jurisdiction and that there is a presumption against removal jurisdiction which the removing party must overcome. Further, removal statutes are strictly construed and ambiguities are to be resolved in favor of remand. Failure to comply with the statutory 30-day period for removal "can fairly be said to render the removal defective and justify a remand." *Huffman v. Saul Holdings Ltd.*, 194 F.3d 1072, 1077 (10th Cir. 1999) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir.1999)).

A good summary of the law on removal can be found at *Zamora v. Progressive N. Ins. Co*. (D. N.M. 2015)

LEGAL STANDARD

It is a fundamental precept of American law that the federal courts are "courts of limited jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). **Federal courts "possess only that power authorized by Constitution and statute**...." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Among the powers that Congress has bestowed upon the courts is the power to hear controversies arising under federal law—federal-question jurisdiction—and controversies arising between citizens of different states—diversity jurisdiction. See 28 U.S.C. §§ 1331-32. In its Notice of Removal, Progressive asserted that this Court has diversity jurisdiction over the case.

**Federal removal jurisdiction is statutory in nature and must be strictly construed**. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941). A civil action is removable only if a plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a). **Progressive, as the party seeking to invoke this Court's jurisdiction, bears the burden to establish that its removal of Plaintiff's case to federal court was proper.** Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1079 (10th Cir. 1999); United States ex rel. Hafter v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999). **The timing of removal is governed by 28 U.S.C. § 1446(b), which provides, in pertinent part:**

> **The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....**
> (3) If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant,

2

> through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . .
>
> **Failure to comply with the statutory 30 day period for removal "can fairly be said to render the removal defective and justify a remand**." Huffman v. Saul Holdings Ltd., 194 F.3d 1072, 1077 (10th Cir. 1999) (quoting Snapper, Inc. v. Redan, 171 F.3d 1249, 1253 (11th Cir.1999)). The Tenth Circuit has further elaborated that, for the thirty-day period to begin to run, "this court requires clear and unequivocal notice from the [initial] pleading itself" that federal jurisdiction is available. Akin v. Ashland Chem. Co., 156 F.3d 1030, 1036 (10th Cir. 1998).
>
> Zamora v. Progressive N. Ins. Co. (D. N.M. 2015)

In *Aranda v. Foamex Int'l*, 884 F.Supp.2d 1186 (D. N.M. 2012), Judge Browning set out the law regarding timely removal in detail, expressly noting that all doubts are to be resolved against removal and that the burden of establishing subject-matter jurisdiction and the requirements for federal jurisdiction is on the party asserting jurisdiction:

> **RELEVANT LAW REGARDING REMOVAL**
>
> If a civil action filed in state court satisfies the requirements for original federal jurisdiction, the defendant may invoke 28 U.S.C. § 1441(a) to remove the action to the federal district court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). See Huffman v. Saul Holdings Ltd. P'ship., 194 F.3d 1072, 1076 (10th Cir.1999)("When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court ...." (quoting Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996))). **"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals."** Pritchett v. Office Depot, Inc., 404 F.3d 1232, 1235 (10th Cir.2005)(citing [884 F.Supp.2d 1198] Shamrock Oil & Gas Corp. v. Sheets,313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); United States ex rel. King v. Hillcrest Health Ctr., 264 F.3d 1271, 1280 (10th Cir.2001)). **"All doubts are to be resolved against removal."** Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir.1982). "**The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."** Montoya v. Chao, 296 F.3d 952, 955 (10th Cir.2002).
>
> **1. The Presumption Against Removal.**

3

**There is a presumption against removal jurisdiction**. See Laughlin v. Kmart Corp., 50 F.3d at 873. **"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal."** Fajen v. Found. Reserve Ins. Co., 683 F.2d at 333. **The removing party bears the burden of establishing the requirements for federal jurisdiction.** See Martin v. Franklin Capital Corp., 251 F.3d at 1290;Bonadeo v. Lujan, No. 08–0812, 2009 WL 1324119, at *4 (D.N.M. Apr. 30, 2009)(Browning, J.) ("**Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand**.").

**The removing defendant bears the burden of establishing that removal is proper.** See McPhail v. Deere & Co., 529 F.3d at 953 **("[A]ccording to this and most other courts, the defendant is required to prove jurisdictional facts by a 'preponderance of the evidence' "**); Bonadeo v. Lujan, 2009 WL 1324119, at *4 ("As the removing party, the defendant bears the burden of proving 'all jurisdictional facts and of establishing a right to removal.' " (quoting Chavez v. Kincaid, 15 F.Supp.2d at 1119)). **The Tenth Circuit has explained that, "[g]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record."** Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 Fed.Appx. 775, 778 (10th Cir.2005)(unpublished).

**1. Procedural Requirements for Removal.**

Section 1446 of Title 28 of the United States Code governs the procedure for removal. **Because removal is entirely a statutory right, the relevant procedures to effect removal must be followed.** See Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir.1985). "**The failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand.**" Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1077 (10th Cir.1999) (quoting Snapper, Inc. v. Redan, 171 F.3d 1249, 1253 (11th Cir.1999)). See Bonadeo v. Lujan, 2009 WL 1324119, at *4; Chavez v. Kincaid, 15 F.Supp.2d 1118, 1119 (D.N.M.1998) (Campos, J.) ("The right to remove a case that was originally in state court to federal court is purely statutory, not constitutional.").

Pursuant to 28 U.S.C. § 1446(a),

[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

\*\*\*

4

**Section 1446 specifies the timing requirements for removal.** See 28 U.S.C. § 1446(b). "In a case not originally removable, a defendant who receives a pleading or other paper indicating the post commencement satisfaction of federal jurisdictional requirements—for example, by reason of the dismissal of a nondiverse party—may remove the case to federal court within 30 days of receiving such information." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68–69, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). "Under § 1446(b), the removal period does not begin until the defendant is able 'to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'" Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d at 1077 (quoting DeBry v. Transamerica Corp., 601 F.2d 480, 489 (10th Cir.1979)). The Tenth Circuit has further elaborated that, for the thirty-day period to begin to run, "this court requires clear and unequivocal notice from the [initial] pleading itself." Akin v. Ashland Chem. Co., 156 F.3d at 1036. The Tenth Circuit specifically disagreed with "cases from other jurisdictions which impose a duty to investigate and determine removability where the initial pleading indicates that the right to remove may exist." Akin v. Ashland Chem. Co., 156 F.3d at 1036 (emphasis in original). Thus, when "an initial pleading" is "ambiguous in that it did not provide unequivocal notice of the right to remove," this thirty-day period does not begin to run in the Tenth Circuit until the defendant receives unequivocal notice of the right to remove. Akin v. Ashland Chem. Co., 156 F.3d at 1035.

"No case, however, may be removed from state to federal court based on diversity of citizenship 'more than 1 year after commencement of the action.'" Caterpillar Inc. v. Lewis, 519 U.S. at 69, 117 S.Ct. 467 (quoting 28 U.S.C. § 1446(b)). Section 1446(b) provides:

**The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court** and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). **The requirement that a defendant timely file the notice of removal is mandatory,** although timeliness is not jurisdictional. See United States ex rel. Walker v. Gunn, 511 F.2d 1024, 1026 (9th Cir.1975)**("[T]he statute, insofar as the time for removal is concerned, is imperative and mandatory, must be strictly complied with, and is to be narrowly construed."**); Bonadeo v. Lujan, 2009 WL 1324119, at *6 (citing McCain v. Cahoj, 794 F.Supp. 1061, 1062 (D.Kan.1992)). [884 F.Supp.2d 1200]...

*Aranda v. Foamex Int'l*, 884 F.Supp.2d 1186 (D. N.M. 2012)

5

It is clear from the foregoing authority that the removal herein was not timely and that this matter should be remanded to State Court for further proceedings. It is also clear that Defendants knew that the answer date was in early March 2021. The summons filed by Defendants and attached to the Notice of Removal, Document 1-1, page 1 of 30 has hand written at the bottom in blue ink, "Due March 1." That is the reason Defendants' counsel requested a ten-day extension on February 26, 2021[3]. Thus, Defendant knew prior to filing the Notice of Removal that the time had expired for filing the removal.

Additionally, the removal statutes provide for an award of cost and actual expenses, including attorney fees. The case of *Flagstar Bank, FSB, Plaintiff, vs. Seth Brown*, Defendant. Civ. No. 05-01287 JCH/KBM sets out the standard for an award of attorney fees and held that the removal need not be in bad faith to warrant attorney fees:

> II. Attorney's Fees and Costs and Additional Relief**. Under 28 U.S.C. § 1447(c), upon an order of remand, the Court may award just costs and actual expenses, including attorney's fees, incurred as a result of improper removal. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). The Court may exercise discretion in awarding attorney's fees for improper removal.** Martin v. Franklin Capital Corp., 393 F.3d 1143, 1146 (10th Cir. 2004). As the Tenth Circuit has recognized, "[i]n deciding6 whether to award costs under § 1447(c), the key factor is the propriety of defendant's removal. **The district court does not have to find that the state court action has been removed in bad faith as a prerequisite to awarding attorney fees and costs under § 1447(c)."** Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318, 322 (10th Cir. 1997) (internal citations omitted). On the other hand, attorney's fees may be denied where the defendant "had a fair basis for removing the case." Daleske v. Fairfield Comms., Inc., 17 F.3d 321, 324 (10th Cir. 1994). In other words, a plaintiff is not automatically entitled to attorney's fees simply because removal was ultimately determined to be improper. Martin, 393 F.3d at 1147. **Thus, "the question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper."** Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 293 (5th Cir. 2000). See also Martin, 393 F.3d at 1147-48 (citing Valdes, 199 F.3d at 292-93). The fact that a

---

[3] See Exhibit 1, page 5, email of February 26, 2021 from Antonia Roybal-Mack to Ed Meintzer.

> party attempting improper removal may be a pro se litigant is no bar to the imposition of sanctions. Topeka Hous. Auth. v. Johnson, No. 04-3348, 2005 U.S. App. LEXIS 6537, at *7 (10th Cir. Apr. 18, 2005). A showing that the removal was improper ab initio, however, is required if the Court wishes to award attorney's fees. Id. at *6. As discussed herein, Defendant's Notice of **Removal contains jurisdictional and procedural errors directly in conflict with the plain language of the removal statutes cited by Defendant. See supra § I. Accordingly, Defendant had no "fair basis" and no objectively reasonable ground to believe that removal legally was proper.** To the contrary, the attempted removal clearly was improper ab initio...
>
> *Flagstar Bank, FSB, Plaintiff, vs. Seth Brown, Defendant*. Civ. No. 05-01287 JCH/KBM MEMORANDUM OPINI

Thus, Flagstar teaches that bad faith is not an element of an award of attorney fees. Whether the defendants' removal is objectively reasonable is the issue. When the Defendants' own documentation shows that the answer was due on March 1, 2021, it is clear that it was not objectively reasonable to remove the matter on March 11, 2021.[4]   It is also clear that Defendants statement in the Notice of Removal that Defendants were served on March 11, 2021 is not factual. See Notice of Removal, page 2, paragraph 7, filed March 11, 2021.  As shown by exhibits 1 and 2 and Defendants' own hand written note at the bottom of page 1 of 30, the summons issued to Saiz Trucking and Earthmoving, Defendants were served February 1, 2021 and the answer according to Defendants' calculation and notation on the summons was due March 1, 2021.

In the case of *Fed. Nat'l Mortg. Ass'n v. Milasinovich*, 161 F.Supp.3d 981 (D. N.M. 2016), the Federal District Court for the District of New Mexico held that attorney fees were warranted when a Defendant's removal was untimely:

> **The Court will grant Fannie Mae's request for fees and costs, because Milasinovich lacks an objectively reasonable basis for removal. The removal statute permits the Court to "require payment of just costs and actual expenses including attorney's fees, incurred as a result of the removal.**" 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an

---

[4] See Exhibits 1 and 2.

objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1, 607 F.3d 1251, 1253 (10th Cir.2010) (citing Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005) ).

**The Court is on firm ground in imposing sanctions. "A defendant's untimeliness in filing his notice of removal is 'precisely the type of removal defect contemplated by § 1447(c).'** " Garrett v. Cook, 652 F.3d 1249, 1254 (10th Cir.2011) (quoting Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 128, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) ). "Where, as here, a litigant's decision to remove comes years late and appears to have been spurred by a desire to avoid an adverse state-court ruling, no objectively reasonable grounds for removal exists." Garrett v. Cook, 652 F.3d at 1254 (internal quotation and citation omitted). Milasinovich has no reasonable grounds for removal.

*Fed. Nat'l Mortg. Ass'n v. Milasinovich*, 161 F.Supp.3d 981 (D. N.M. 2016)

The language in *Milasinovich* that untimely removal is not an objective basis for removal should be applied to the case at bar and attorney fees awarded to Plaintiffs.

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that the matter be remanded to State Court and that Plaintiffs be awarded reasonable costs and attorney fees.

Respectfully submitted,

*/s/ Ed Meintzer*_____
Ed Meintzer
Meintzer Law Firm
417 Hwy 314 NW
Los Lunas, NM 87031
(505) 865-9702
ed_meintzer@hotmail.com

*/s/ Steven K. Sanders*_____
Steven K. Sanders
Steven K. Sanders and Associates, LLC
820 2nd St NW
Albuquerque, NM 87102
505-243-7170
stevenksanders@aol.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I filed the above pleading on this 22nd day of March, 2021 through the CM/CEF system and that the Defendants' council as listed below has received a copy thereof through the electronic service of the courts.

ROYBAL-MACK & CORDOVA, P.C.
Antonia Roybal-Mack
Amelia P. Nelson
Attorneys for Defendants
4901 Chappell Dr NE Ste B
Albuquerque, NM 87107
Phone: (505) 288-3500
Fax: (505) 288-3501
amelia@roybalmacklaw.com

*/s/ Steven K. Sanders*